WOLLMAN, Chief Judge,
concurring and dissenting.
I agree with the court that Congress unequivocally expressed its intent to abrogate the states’ Eleventh Amendment immunity to suit under the IDEA.
For the reasons expressed by our court in Humenansky v. Regents of Univ. of Minn., 152 F.3d 822 (8th Cir.1998), and by the Court of Appeals for the Fourth Circuit in Brown v. North Carolina Div. of Motor Vehicles, 166 F.3d 698 (4th Cir.1999), I do not believe that Congress has the power to abrograte that immunity under section 5. The Supreme Court may soon set forth with greater specificity the extent of Congress’s power to abrogate Eleventh Amendment immunity under section 5 than that expressed in City of Boerne. See Kimel v. Florida Bd. of Regents, 139 F.3d 1426 (11th Cir.1998), cert. granted, — U.S. -, -, 119 S.Ct. 901, 902, 142 L.Ed.2d 901 (1999). Until the Court has done so, however, I would adhere to the interpretation of City of Boeme expressed in Humenansky and Brown.
Accordingly, I dissent from that portion of the court’s opinion which holds that Congress acted within its section 5 powers by abrogating the states’ Eleventh Amendment immunity to suit under the provisions of the IDEA.